CLAUDE WOODS
v.
LIEUTENANT SMITH, WARDEN LANCHEY, COLONEL MCKEE, MAJOR STROUD, RICHARD STALDER AND BURL CAIN.
No. 2008 CA 0331.
Court of Appeals of Louisiana, First Circuit.
September 19, 2008.
Not Designated for Publication
CLAUDE WOODS, In Proper Person Plaintiff-Appellant.
TERRI L. CANNON, Attorney for Defendants-Appellees, Louisiana State Penitentiary, Lieutenant Smith, et al.
Before: PARRO, McCLENDON, and WELCH, JJ.
PARRO, J.
An adult offender, Claude Woods, appealed from a judgment dismissing his request for judicial review based on a finding that he failed to state a cause of action. Since the filing and lodging of this appeal, this court has received proof from the Louisiana Department of Public Safety and Corrections (DPSC) that Woods died on May 8, 2008, at Earl K. Long Hospital in Baton Rouge, while in the custody of DPSC. Woods' petition for judicial review pertained to disciplinary action that resulted from Woods' refusal to go into an area of his institution where an inmate, whom he considered to be an enemy, was located. In light of his conduct, Woods' living quarters assignment was changed to Camp D, and he lost two weeks of canteen privileges. In his petition for judicial review, Woods sought expungement of the disciplinary report. Woods' action is one to enforce a right that is strictly personal.[1] Upon his death, his action abated. See LSA-C.C.P. art. 428.[2] Accordingly, this appeal is dismissed. This memorandum opinion is issued in compliance with Louisiana Uniform RulesCourts of Appeal, Rule 2-16.1(B).
APPEAL DISMISSED.
NOTES
[1] An obligation is strictly personal when its performance can be enforced only by the obligee. When the performance is intended for the benefit of the obligee exclusively, the obligation is strictly personal on the part of that obligee. LSA-C.C. art. 1766.
[2] An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal. LSA-C.C.P. art. 428.